UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PENNY M. STEWART** | **CIVIL ACTION NO.** |
| **VERSUS** | **SECTION** |
| **SODEXO REMOTE SITES PARTNERSHIP** | **MAGISTRATE** |

## COMPLAINT AND JURY DEMAND

**COMES NOW** Plaintiff, Penny M. Stewart ("Plaintiff" or "Stewart"), through undersigned counsel, and files this complaint to obtain full and complete relief and to redress the unlawful employment practices suffered by her as described herein under Title VII of the Civil Rights Act of 1964, as amended, and under the Louisiana Employment Discrimination Act..

### I. PRELIMINARY STATEMENT

1.  This action for employment discrimination seeks declaratory, injunctive and equitable relief, back pay, reinstatement (or in lieu thereof, front pay), compensatory damages, punitive damages, attorney's fees, prejudgment interest, and costs for discrimination, and hostile work environment based on race and gender, and retaliation, against Sodexo Remote Sites

-1-

Partnership in its treatment of Penny Stewart, including terminating her employment.

## II. JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1981, Title VII of the Civil Rights act of 1964, 42 U.S.C. § 2000e et. seq. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because the actions arise under the laws of the United States, and under the Court's Supplemental Jurisdiction.

3. Stewart has received her right-to-sue letter from the EEOC. 42 U.S.C. § 2000e-5(f).

4. Declaratory, injunctive, and equitable relief is sought pursuant to 42 U.S.C. 2000e-5(g).

## III. VENUE

5. This action properly lies in the Eastern District of Louisiana because the discrimination and retaliation occurred while Stewart was employed by Defendant at Sodexo's Harahan location.

## IV. PARTIES

6. Plaintiff, Stewart, is a person of the full age of majority and is domiciled in McComb, Mississippi.

7. The Defendant, Sodexo Remote Sites Partnership ("Sodexo") is a foreign corporation believed to be authorized to do business in the Eastern District of Louisiana.

## V. FACTS

8. Plaintiff, Penny Stewart began her employment at Sodexo in approximately November of 2008, as an Executive Steward.

9. Upon information and belief, Sodexo utilizes a progressive discipline policy and evaluation

policy which includes: (1) verbal warnings to identify problems; (2) written warnings, including a formal meeting with the employee, to establish clear performance expectations to correct the problems; (3) an opportunity for the employee to present his or her case; and (4) termination, if the problems remain unresolved after the above steps.

10. Upon information and belief, Stewart has never been counseled either formally or informally for any type of legitimate misconduct or deficient performance.

11. On or about December 10, 2010, Plaintiff submitted a written complaint alleging gender discrimination.

12. Plaintiff alleges that Sodexo immediately embarked upon a concerted effort to paper her personnel file with untrue and/or unjustified statements of discipline in order to terminate her in retaliation for complaining about gender discrimination. This was done with malicious retaliatory intent in complete disregard of Plaintiff's federally protected rights.

13. Immediately after submitting her written complaint concerning gender discrimination on December 10, 2010, Plaintiff was sent to four days of training concerning analyzing personalities. Plaintiff alleges that this training was not necessary and was imposed upon her as punishment for complaining about gender discrimination.

14. On or about December 15, 2010, Todd Woodriff ("Woodriff") advised Stewart that she could go to a BP rig, but admonished her not to speak to any of the BP employees about her complaint. This admonishment was made although Plaintiff had never conveyed to any BP employees concerns about prohibited discrimination or retaliation.

15. On or about December 20, 2010 Plaintiff was sent to the Atlantis Platform.

16. Shortly after arriving on the Atlantis Platform, Plaintiff was unfairly blamed by Crystal Smith ("Smith"), Sodexo's Human Resource Manager, for a rig worker hurting his leg, although it was obvious that Plaintiff did not do anything to cause the accident.

17. On January 30, 2011, Smith criticized Plaintiff unfairly concerning an inspection.

18. Additionally, Smith unfairly and unreasonably admonished Plaintiff that she could not go to the Platform gym because she might have to interact with BP employees.

19. During this period, Smith also made ridiculous comments such as, she must follow "Leo's Law," as if it were a criticism when the Executive Steward named Leo was not doing anything differently than Plaintiff did.

20. On or about March 30, 2011, Plaintiff reported a problem between two workers, Rance and Devin. Devin, a Caucasian, was using racial epithets toward Rance, an African American. Additionally, Devin was putting white supremacy symbols up in the workplace.

21. Plaintiff reported this improper conduct to Smith and received no response and no help from Smith.

22. Smith simply insisted that "that is just the way it is."

23. On or about May 5, 2011, Plaintiff filed an EEOC Charge of Discrimination alleging that, since being hired in October 2008 as a night cook/baker, and most recently having become an Executive Steward, she believed that her male co-worker, Leo Shanks, also an Executive Steward, was being paid more than her because of gender discrimination.

24. At that time, she also alleged that she was suffering from reprisals and retaliation because of her prior complaint of gender discrimination directly to Sodexo.

25. On or about May 5, 2011 the EEOC Charge was sent to Sodexo.

26. On or about May 29, 2011, Plaintiff was advised by Sodexo that she would not be assigned to any jobs.

27. Accordingly, Plaintiff was terminated by Sodexo on May 29, 2011.

28. Plaintiff was treated with extreme unfairness after her gender discrimination complaint and Sodexo made the working atmosphere extremely distressing to Plaintiff. Sodexo never paid Plaintiff again after May 29, 2011 and there never was a valid reason to take Plaintiff off the Atlantis Platform. Under these circumstances, Sodexo never offered any reasonable re-employment opportunities.

29. Sodexo did not conduct an appropriate investigation into any of Stewart's complaints regarding gender discrimination; nor did Sodexo implement reasonable remedial measures in response to Stewart's complaints. Instead, Sodexo instigated a scheme to unfairly force her resignation or termination.

30. Stewart was terminated in retaliation for complaining about gender discrimination.

31. Stewart was also terminated for filing a Charge of Discrimination with the E.E.O.C.

32. Stewart was also terminated because of race and gender discrimination.

33. The harassment suffered by Stewart was based on her race and sex.

34. The harassment suffered by Stewart was severe or pervasive, or both.

35. The harassment suffered by Stewart affected a term, condition, or privilege of her employment.

36. Sodexo knew or should have known of the harassment and failed to take remedial action.

37. The acts of Sodexo were practiced with malice and/or reckless disregard to Stewart's federally protected rights.

38. As a direct result of the above acts of Sodexo, Stewart has suffered pain and suffering, emotional distress, mental anguish, loss of reputation, embarrassment, and humiliation.

## VI.  CAUSES OF ACTION

39. By the above acts Sodexo has violated Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981 by terminating Stewart and subjecting Stewart to harassment based on her sex and race, and by retaliating against Stewart.

## VII. PRAYER FOR RELIEF

40. WHEREFORE, Plaintiff prays that this Court:

    a. Declare that the acts and practices of the Company complained of herein are in violation of United States law;

    b. Enjoin and permanently restrain the Company from engaging in such unlawful practices;

    c. Award Plaintiff all earnings she did not receive because of the actions of the Company, including but not limited to back pay, pre-judgment interest, bonuses, pension, and any other lost benefits;

    d. Reinstate Plaintiff to the position she would have occupied but for the Company's treatment, or in lieu thereof, award Plaintiff front pay.

    e. Award Plaintiff compensatory damages for pain and suffering, emotional distress, mental anguish, loss of reputation, embarrassment, and humiliation;

  f.  Award Plaintiff punitive damages;

  g.  Award Plaintiff costs, expert witness fees, and attorney's fees;

  h.  Grant Plaintiff any such relief as this Court may deem just and proper.

## VIII. JURY DEMAND

41. Stewart demands trial by jury of all issues in this action.

         Respectfully Submitted,

         /s/ James L. Arruebarrena
         JAMES L. ARRUEBARRENA (#22235)
         James L. Arruebarrena, LLC
         1010 Common Street, Suite 3000
         New Orleans, Louisiana 70112
         Telephone (504) 525-2520
         Facsimile (504) 581-7083

         And

         RACHEL MARTIN-DECKELMANN (#32195)
         James L. Arruebarrena, LLC
         1010 Common Street, Suite 3000
         New Orleans, Louisiana 70112
         Telephone (504) 212-4166
         Facsimile (504) 581-7083

         **Attorneys for Penny M. Stewart**

**SERVICE VIA WAIVER**