# IN THE UNITED STATES COURT OF APPEALS

## FOR THE FIFTH CIRCUIT



No. 13-30902

D.C. Docket No. 2:11-CV-2596

United States Court of Appeals
Fifth Circuit
**FILED**
August 14, 2014
Lyle W. Cayce
Clerk

PENNY M. STEWART,

    Plaintiff - Appellant

v.

SODEXO REMOTE SITES PARTNERSHIP,

    Defendant - Appellee

Appeal from the United States District Court for the
Eastern District of Louisiana, New Orleans

Before STEWART, Chief Judge, and WIENER and COSTA, Circuit Judges.

## J U D G M E N T

This cause was considered on the record on appeal and was argued by counsel.

It is ordered and adjudged that the judgment of the District Court is affirmed.

IT IS FURTHER ORDERED that plaintiff-appellant pay to defendant-appellee the costs on appeal to be taxed by the Clerk of this Court.

ISSUED AS MANDATE: 0 5 SEP 2014

A True Copy
Attest  0 5 SEP 2014

Clerk, U.S. Court of Appeals, Fifth Circuit
By: _Danshell Johnson_
    Deputy

New Orleans, Louisiana

___ Fee ___
___ Process ___
_X_ Dkd ___
___ CtRmDep ___
___ Doc. No. ___

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 13-30902

United States Court of Appeals
Fifth Circuit
**FILED**
August 14, 2014
Lyle W. Cayce
Clerk

PENNY M. STEWART,

                     Plaintiff-Appellant

v.

SODEXO REMOTE SITES PARTNERSHIP,

                     Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:11-CV-2596

Before STEWART, Chief Judge, and WIENER and COSTA, Circuit Judges.

PER CURIAM:*

    Defendant-Appellee Sodexo Remote Sites Partnership ("Sodexo") employed Plaintiff-Appellant Penny Stewart ("Stewart") as an executive steward aboard oil rigs it serviced in the Gulf of Mexico. In 2011, Stewart filed the instant suit against Sodexo, alleging that the company had unlawfully retaliated against her in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and 42 U.S.C. § 1981 ("§ 1981"). On

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

summary judgment, the district court held that Stewart failed to make a *prima facie* showing of retaliation under either Title VII or § 1981; accordingly, it dismissed all of Stewart's claims and entered judgment for Sodexo. On appeal, Stewart argues that the district court, in contravention of Federal Rule of Civil Procedure 56, improperly weighed the evidence rather than construing all inferences in her favor as the non-moving party. Stewart requests that we reverse and remand so that her claims may be presented to a jury. Having heard argument from the parties and reviewed the record on appeal, including the parties' briefs, the applicable law, and the district court's summary judgment order, we AFFIRM for the following reasons.

"The legal framework governing [Title VII and § 1981 retaliation] claims is coextensive."[1] To present a *prima facie* case of retaliation under either Title VII or § 1981, an employee must show that: (1) she engaged in an activity protected by Title VII; (2) she was subjected to an adverse employment action; and (3) a causal link exists between the protected activity and the adverse employment action.[2] If the employee "succeeds in making a prima facie case, the burden then shifts to the [employer] to proffer a legitimate rationale for the underlying the employment action."[3] "If the [employer] makes this showing, the burden shifts back to the [employee] to demonstrate that the employer's articulated reason for the employment action was a pretext for retaliation."[4]

---

[1] *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014).

[2] *Id.* (citing *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 319 (5th Cir. 2004)).

[3] *Davis*, 383 F.3d at 319.

[4] *Id.*

No. 13-30902

We may affirm the district court's judgment based on any grounds supported by the record.[5] Even if we assume *arguendo* that Stewart made a *prima facie* showing of retaliation under Title VII and § 1981, Sodexo came forward with a legitimate rationale for removing her from the rig. Specifically, Sodexo adduced evidence that Stewart was insubordinate, had issues with co-workers and managers, and failed to follow Sodexo protocol during her three-year tenure with the company. Consequently, under our assumption, the burden would shift back to Stewart to show pretext.[6]

"Showing pretext requires a plaintiff to 'produce *substantial* evidence indicating that the proffered legitimate [non-retaliatory] reason is a pretext for [retaliation].'"[7] A plaintiff may do so by adducing evidence of disparate treatment or "by showing that the employer's explanation is false or unworthy of credence."[8] Stewart claims that Sodexo's legitimate rationale is unsubstantiated and was manufactured in anticipation of litigation. She does not, however, identify any actual *evidence* indicating that Sodexo's criticism of her job performance is meritless. Conclusional allegations and innuendo are insufficient to show pretext.[9]

---

[5] *Palmer ex rel. Palmer v. Waxahachie Indep. Sch. Dist.*, 579 F.3d 502, 506 (5th Cir. 2009) ("'[I]t is an elementary proposition, and the supporting cases too numerous to cite, that this court may affirm the district court's judgment on any grounds supported by the record.'" (quoting *United States v. Dunigan*, 555 F.3d 501, 508 n.12 (5th Cir. 2012)).

[6] *Willis*, 749 F.3d at 318 (citing *Davis*, 383 F.3d at 319).

[7] *Id.* (quoting *Laxton v. Gap Inc.*, 333 F.3d 572, 578 (5th Cir. 2003)) (emphasis added).

[8] *Pollak v. Lew*, 542 F. App'x 304, 307 (5th Cir. 2013) (quoting *Laxton*, 333 F.3d at 578).

[9] *Compare Willis*, 749 F.3d at 318 ("Willis has proffered summary judgment evidence sufficient to show a genuine dispute of material fact about whether these stated reasons are pretext for an underlying retaliatory motive. Specifically, Willis references an affidavit from Jerome C. Ardoin, Jr. ('Ardoin'), another Cleco employee, in which Ardoin explains that Melancon, Taylor's direct supervisor in the Human Resources department, told him that he

3

Thus, whether we conclude that the district court correctly granted Sodexo's motion for summary judgment because Stewart failed to present a *prima facie* case of retaliation, or we conclude that Stewart failed to come forward with substantial evidence that Sodexo's rationale was pretext, the result is the same: Sodexo must prevail. The district court's judgment is, in all respects, AFFIRMED.

---

was 'very pissed' with Willis for reporting the conversation with Cooper. Moreover, Ardoin's affidavit claims that Melancon stated: 'If we have to find a reason, Ed [Taylor] and I have decided; we are going to terminate that nigger Greg Willis for reporting me and trying to burn my ass.' ") and *Ion v. Chevron USA, Inc.*, 731 F.3d 379, 396 (5th Cir. 2013) ("In summation, Chevron has failed to meet its burden and establish as a matter of law that it would have fired Ion despite its retaliatory motive. Chevron's evidence of Ion's history of attendance and performance-related deficiencies is insufficient to establish that it would have fired Ion because Chevron chose to address those deficiencies with a suspension and a PIP/AIP, and Ogborn testified that Ion would have been reinstated had he come back to work. Chevron's evidence that Ion was faking FMLA leave is also insufficient because of the doubts raised by Chevron's failure to investigate and Melcher's e-mail."), *with Pollak*, 542 F. App'x at 308 ("We cannot say that Pollak has pointed to more than 'conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.' " (quoting *Hathaway v. Bazany*, 507 F.3d 312, 319 (5th Cir. 2007)).

# UNITED STATES COURT OF APPEALS FOR THE FIFTH CIRCUIT

## BILL OF COSTS

**NOTE:** The Bill of Costs is due in this office *within 14 days from the date of the opinion, See* FED. R. APP. P. & 5TH CIR. R. 39. Untimely bills of costs must be accompanied by a separate motion to file out of time, which the court may deny.

Penny M. Stewart v. Sodexo Remote Sites Partnership    No. 13-30902

The Clerk is requested to tax the following costs against: Plaintiff-Appellant, Penny M. Stewart

| COSTS TAXABLE UNDER Fed. R. App. P. & 5th Cir. R. 39 | REQUESTED | | | | ALLOWED (If different from amount requested) | | | |
|---|---|---|---|---|---|---|---|---|
| | No. of Copies | Pages Per Copy | Cost per Page* | Total Cost | No. of Documents | Pages per Document | Cost per Page* | Total Cost |
| Docket Fee ($450.00) | | | | | | | | |
| Appendix or Record Excerpts | | | | | | | | |
| Appellant's Brief | | | | | | | | |
| Appellee's Brief | 7 | 58 | 0.15 | 60.9 | 7 | 58 | .15 | 60.90 |
| Appellant's Reply Brief | | | | | | | | |
| Other: Oral Arg. Graphics | 10 | 1 | 0.15 | 1.5 | | | | |
| | | | Total $ | 62.4 | | | | |

Costs are hereby taxed in the amount of $ 60.90     Costs are taxed in the amount of $ 60.90

this _____     5th day of September, 2014

LYLE W. CAYCE, CLERK

By _____
Deputy Clerk

State of _____
County of _____

I, Leslie W. Ehret, do hereby swear under penalty of perjury that the services for which fees have been charged were incurred in this action and that the services for which fees have been charged were actually and necessarily performed. A copy of this Bill of Costs was this day mailed to opposing counsel, with postage fully prepaid thereon. This 28th day of August, 2014.

_____
(Signature)

Attorney for Sodexo Remote Sites Partnership

*SEE REVERSE SIDE FOR RULES
GOVERNING TAXATION OF COSTS

# United States Court of Appeals
### FIFTH CIRCUIT
### OFFICE OF THE CLERK

LYLE W. CAYCE  
CLERK

TEL. 504-310-7700  
600 S. MAESTRI PLACE  
NEW ORLEANS, LA 70130

September 05, 2014

Mr. William W. Blevins  
Eastern District of Louisiana, New Orleans  
United States District Court  
500 Poydras Street  
Room C-151  
New Orleans, LA 70130

    No. 13-30902    Penny Stewart v. Sodexo Remote Sites Prtnshp  
                         USDC No. 2:11-CV-2596

Dear Mr. Blevins,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

Enclosed for the district court and counsel is the approved bill of costs.

                      Sincerely,

                      LYLE W. CAYCE, Clerk

                      */s/ Dantrell Johnson*

                      By: _____  
                      Dantrell L. Johnson, Deputy Clerk  
                      504-310-7689

cc:  
    Honorable Jane T. Milazzo  
    Mr. James Louis Arruebarrena  
    Mrs. Renee G. Culotta  
    Ms. Leslie W. Ehret

P.S. to Judge Milazzo: A copy of the opinion was sent to your office via email the day it was filed.